RANDOLPH, PRESIDING JUSTICE,
DISSENTING:
¶ 30. With all due respect to my fellow justices, the majority’s interpretation of the statute leads to an absurd result. I cannot fathom that a reasonable person (let alone a person with an IQ of 119) (see Justice Beam’s Dissent at ¶45) would falsely[3] confess to a crime with the aim, intent, or purpose of being imprisoned. There are limitations which this Court, over the years, has established in the interpretation of our Constitution and statutes. Our law is clear. We do not ascribe an absurd result to pronouncements by the Legislature. See USF & G Co. v. Conservatorship of Melson, 809 So.2d 647, 660 (Miss. 2002) (“It is our duty to support a construction which would purge the legislative purpose of any invalidity, absurdity or unjust inequality.”); Drane v. State, 493 So.2d 294, 298 (Miss. 1986) (“Nor will this Court impute an unjust or absurd purpose to the legislature when any other reasonable construction can save it from such an imputation.”).
¶ 31. Despite these truths, the majority reverses the trial-court judgment and remands this case. Since trial anew is to be had, Edmonds also must prove, by a preponderance of the evidence, every element required by the Wrongful Conviction Act, including actual innocence[4] (which also *296 was not established in the ease sub judi-ce).
BEAM, J, JOINS THIS OPINION. MAXWELL AND CHAMBERLIN, JJ, JOIN THIS OPINION IN PART.

. Today's decision addresses a putative alleged "false” confession, under coercion, and not a true, voluntary confession (if the Washington Post article is to be believed) (Maj. Op. at ¶ 13), which is inapplicable to the issue sub judice. Edmonds, when asked by his mother, “What is the truth?” responded, "That me and Christy did it.” Edmonds v. State, 955 So.2d 787, 814 (Miss. 2007) (Randolph, P.J., specially concurring). Two days later, in a phone call to Marcus Sullivan, the father of one of his friends, “[Tyler] asked had I [Sullivan] heard about Joey and I said I had. There was a pause and I asked him, [d]id you do it? He said, [y]es sir.” Id. Whether Edmonds’s confessions were true or false or made under coercion will be one of the issues for a jury to decide.

. See Miss. Code Ann. § 11-44-7(1 )(b) (Rev. 2012).